IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARGARET ANN AUPKE,  )
               Plaintiff,  )
           vs.  )  Civil Action No. 2:17-1471
NANCY A. BERRYHILL, Acting  )
Commissioner of Social Security,[1]  )
               Defendant.  )

AMBROSE, Senior District Judge

## OPINION and ORDER OF COURT

### SYNOPSIS

Pending before the Court are Cross-Motions for Summary Judgment. [ECF Nos. 8, 10]. Both parties have filed Briefs in Support of their Motions. [ECF Nos. 9, 11]. After careful consideration of the submissions of the parties, and based on my Opinion set forth below, I am denying Plaintiff's Motion for Summary Judgment and granting Defendant's Motion for Summary Judgment.

### I. BACKGROUND

Plaintiff has brought this action for review of the final decision of the Commissioner of Social Security ("Commissioner") denying her application for Disability Insurance Benefits ("DIB")

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).

1

under Title II of the Social Security Act ("Act"). On or about May 9, 2014, Plaintiff applied for DIB. [ECF No. 6-7 (Ex. 1D)]. In her application, she alleged that since April 1, 2007, she had been disabled due to multiple sclerosis. [ECF No. 6-8 (Exs. 1E, 2E)]. Her date last insured is December 31, 2014. [ECF Nos. 6-2 at 17; 6-8 (Ex. 1E)].[2] The state agency denied her claims initially, and she requested an administrative hearing. [ECF No. 6-5 (Exs. 1B, 4B)]. Administrative Law Judge ("ALJ") Michael S. Kaczmarek held a hearing on April 21, 2016, at which Plaintiff was represented by counsel. [ECF No. 6-3, at 31-98]. Plaintiff appeared at the hearing and testified on her own behalf. Id. A vocational expert also was present at the hearing and testified. Id. at 81-96. In a decision dated September 7, 2016, the ALJ found that jobs existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled under the Act. [ECF No. 6-2, at 15-27]. Plaintiff requested review of the ALJ's determination by the Appeals Council, and, on September 19, 2017, the Appeals Council denied Plaintiff's request for review. [ECF No. 6-2 at 1-5]. Having exhausted all of her administrative remedies, Plaintiff filed this action.

The parties have filed Cross-Motions for Summary Judgment. [ECF Nos. 8 & 10]. The issues are now ripe for my review.

## II. LEGAL ANALYSIS

### A. STANDARD OF REVIEW

The standard of review in social security cases is whether substantial evidence exists in the record to support the Commissioner's decision. Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). Substantial evidence has been defined as "more than a mere scintilla. It means such

---

[2] To receive DIB, Plaintiff must establish that she became disabled prior to December 31, 2014, the date on which her insured status expired, or "date last insured." 42 U.S.C. §§ 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a).

relevant evidence as a reasonable mind might accept as adequate." Ventura v. Shalala, 55 F.3d 900, 901 (3d Cir. 1995) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)). Additionally, the Commissioner's findings of fact, if supported by substantial evidence, are conclusive. 42 U.S.C. § 405(g); Dobrowolsky v. Califano, 606 F.2d 403, 406 (3d Cir. 1979). A district court cannot conduct a *de novo* review of the Commissioner's decision or re-weigh the evidence of record. Palmer v. Apfel, 995 F. Supp. 549, 552 (E.D. Pa. 1998). Where the ALJ's findings of fact are supported by substantial evidence, a court is bound by those findings, even if the court would have decided the factual inquiry differently. Hartranft v. Apfel, 181 F.3d 358, 360 (3d Cir. 1999). To determine whether a finding is supported by substantial evidence, however, the district court must review the record as a whole. See 5 U.S.C. § 706.

To be eligible for social security benefits, the plaintiff must demonstrate that she cannot engage in substantial gainful activity because of a medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of at least 12 months. 42 U.S.C. § 1382(a)(3)(A); Brewster v. Heckler, 786 F.2d 581, 583 (3d Cir. 1986).

The Commissioner has provided the ALJ with a five-step sequential analysis to use when evaluating the disabled status of each claimant. 20 C.F.R. § 404.1520. The ALJ must determine: (1) whether the claimant is currently engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if the claimant has a severe impairment, whether it meets or equals the criteria listed in 20 C.F.R. pt. 404, subpt. P, app. 1; (4) if the impairment does not satisfy one of the impairment listings, whether the claimant's impairments prevent her from performing her past relevant work; and (5) if the claimant is incapable of performing her past relevant work, whether she can perform any other work which exists in the

3

national economy, in light of her age, education, work experience and residual functional capacity. 20 C.F.R. § 404.1520. The claimant carries the initial burden of demonstrating by medical evidence that she is unable to return to her previous employment (steps 1-4). Dobrowolsky, 606 F.2d at 406. Once the claimant meets this burden, the burden of proof shifts to the Commissioner to show that the claimant can engage in alternative substantial gainful activity (step 5). Id.

A district court, after reviewing the entire record may affirm, modify, or reverse the decision with or without remand to the Commissioner for rehearing. Podedworny v. Harris, 745 F.2d 210, 221 (3d Cir. 1984).

**B.    WHETHER SUBSTANTIAL EVIDENCE SUPPORTS THE ALJ'S RFC FINDING**

Residual functional capacity ("RFC") refers to the most a claimant can still do despite her limitations. 20 C.F.R. § 404.1545(a). The assessment must be based upon all of the relevant evidence, including the medical records, medical source opinions, and the individual's subjective allegations and description of her own limitations. Id. Ultimately, the responsibility for determining a claimant's RFC rests with the ALJ. 20 C.F.R. §§ 404.1527(d); 404.1546; Chandler v. Comm'r of Soc. Sec., 667 F.3d 356, 361 (3d Cir. 2011).

Here, the ALJ found that Plaintiff had severe impairments, including multiple sclerosis and chronic fatigue syndrome. [ECF No. 6-2 at 17]. He then found that Plaintiff's impairments or combination of impairments did not meet or medically equal the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. Id. at 17-19. The ALJ further found that Plaintiff had the RFC to perform light work with the following limitations: she required the opportunity to alternate sitting and standing every thirty minutes; she was limited to jobs that she could perform while using an assistive device at all times while standing; she could perform occasional climbing of ramps and stairs, but she could never climb ladders, ropes, and scaffolds;

she could occasionally balance and stoop, but never kneel, crouch or crawl; she could perform occasional handling, fingering, and feeling with her bilateral upper extremities, and she needed to avoid concentrated exposure to extreme heat, cold, wetness and vibration, while needing to avoid all exposure to hazards, such as inherently dangerous moving machinery and unprotected heights; she could perform only routine, repetitive tasks performed at the SVP of 1-2, and she needed to work in a static, low stress environment that involves only simple decisions; any work must involve infrequent changes, and those changes that did occur would be explained and/or demonstrated and could be learned in 30 days or less; and any work must not be fast-paced or have strict production or time quotas. [ECF No. 6-2 at 19-25]. The ALJ ultimately concluded that considering Plaintiff's age, education, work experience, and RFC, there were jobs that existed in significant numbers in the national economy that Plaintiff could perform and, therefore, that Plaintiff was not disabled within the meaning of the Act. Id. at 25-26.

Plaintiff argues that the ALJ's RFC finding is erroneous because "substantial evidence compels a finding of disabled at all times relevant hereto" due to her "debilitating fatigue." [ECF No. 9 at 17-18]. In support of this argument, Plaintiff disagrees with the ALJ's characterization of her activities of daily living and points to record evidence she contends demonstrates fatigue, including her testimony that she has to rest 4-5 hours each day; that she told her doctor during office visits that she was suffering from fatigue; that her doctor has prescribed two different medications for fatigue; that her FCE testing was adversely impacted by fatigue; and that the ALJ found that Plaintiff's impairments included chronic fatigue syndrome. Id. After careful consideration, I find that Plaintiff's argument is without merit.

As an initial matter, Plaintiff's argument focuses primarily on how the record evidence supports her complaints of fatigue and her claim for disability. The standard, however, is not

whether there is evidence to establish Plaintiff's position but, rather, is whether there is substantial evidence to support the ALJ's findings. See Allen v. Bowen, 881 F.2d 37, 39 (3d Cir. 1989). As courts have explained:

> [The] question is not whether substantial evidence supports Plaintiff's claims, or whether there is evidence that is inconsistent with the ALJ's finding. . . . Substantial evidence could support both Plaintiff's claims and the ALJ's finding because substantial evidence is less than a preponderance. Jesurum v. Sec'y of Health & Human Servs., 48 F.3d 114, 117 (3d Cir. 1995) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971)). If substantial evidence supports the ALJ's finding, it does not matter if substantial evidence also supports Plaintiff's claims. Reefer v. Barnhart, 326 F.3d 376, 379 (3d Cir. 2003).

Hundley v. Colvin, Civil Action No. 16-153, 2016 WL 6647913, at *2 (W.D. Pa. Nov. 10, 2016). Thus, Plaintiff's argument in this regard is misplaced.

Applying the correct standard, I find that substantial evidence supports the ALJ's evaluation of Plaintiff's fatigue complaints. An ALJ is not required to accept Plaintiff's version of events uncritically. Rather, the ALJ must weigh all of the record evidence as set forth above. In the case at hand, the ALJ did exactly that, carefully considering relevant evidence including Plaintiff's testimony, her course of treatment, medical records and opinions, and her activities of daily living in reaching his RFC finding. Among other things, the ALJ cited Plaintiff's activities of daily living, noting that, despite her testimony of 4-5 hours of chronic and debilitating fatigue, she remained the primary caretaker of her elderly mother and twin daughters, and also was able to shop, pay bills, read, do housekeeping, cook, and drive. See ECF No. 6-2, at 20-25 (citing Exs. 1F, 2F, 4F, 5F, and Testimony). The ALJ did not rely solely on Plaintiff's activities of daily living, but also noted that the record reveals an extended period of no medical treatment from 2007 until July 2013 with Plaintiff acknowledging that she took nothing for her MS during that timeframe.

Id. at 21.[3] With respect to the medical evidence since July 2013, the ALJ observed that the records indicate only sparse treatment with limited objective findings. Id. at 21-25 (citing Exs. 1F, 4F, 7F, and Testimony). Records from Plaintiff's treating neurologist during this time, Islam M. Zaydan, M.D., consistently reflect complaints of only mild to moderate fatigue, as well as significant improvement in her symptoms since beginning the medication Ampyra after February 2014. Id.[4] The ALJ concluded that this cumulative evidence of limited treatment, medical efficacy, and activities of daily living diminished Plaintiff's claims of debilitating fatigue and/or other symptoms for 12 or more consecutive months, and that Plaintiff, when taking her medications, would be able to perform the degree of light work set forth in the RFC. Id. at 21-25.

As shown above, the ALJ properly evaluated the evidence and determined Plaintiff's RFC in accordance with applicable social security law and regulations. In so doing, he did not discount Plaintiff's fatigue or other symptoms entirely and included numerous restrictions in his RFC finding related to Plaintiff's credibly-established impairments.[5] [ECF No. 6-2 at 19]. The ALJ's RFC generously accounted for the limitations established by the evidence of record, and his findings are supported by substantial evidence. Accordingly, I find that the ALJ did not err in formulating Plaintiff's RFC, and there is no basis for remand on this issue.[6]

---

[3] Although Plaintiff reported that the gap in treatment was due to lack of insurance, the ALJ pointed to record evidence that Plaintiff had significant past annual earnings (sometimes in excess of $300,000), yet made no efforts to obtain free or other care, saying only that the known drug for her condition made her sick so there was no point seeking treatment. [ECF No. 6-2 (citing Ex. 6D and Testimony)].

[4] The ALJ also noted that, in May 2014, Plaintiff visited UPMC Penn Plum Family Medicine to establish treatment with a new primary care physician, Valerie Wislo, M.D. Id. at 22 (citing Ex. 7F). During that visit, Plaintiff had "no specific complaints" and declined a physical examination by Dr. Wislo. Id.

[5] Many times, the ALJ gave Plaintiff the benefit of the doubt. For example, he noted that, despite a lack of objective evidence or allegations of problems with social functioning, he found moderate limitations in this domain and included corresponding stress-reducing limitations in the RFC finding, given that Plaintiff's alleged fatigue could possibly affect her ability to deal with work stress. [ECF No. 6-2 at 18-19].

[6] Contrary to Plaintiff's suggestion, the ALJ's finding that Plaintiff's chronic fatigue syndrome was a severe

### C. WHETHER SUBSTANTIAL EVIDENCE COMPELS A CONCLUSION OF DISABLED AS OF PLAINTIFF'S FIFITIETH BIRTHDAY

Plaintiff alternatively argues that the ALJ erred in concluding that Plaintiff could perform more than sedentary work. [ECF No. 9 at 18-20]. Specifically, Plaintiff claims that, in finding her capable of a limited range of light work, the ALJ improperly rejected the Functional Capacity Examination ("FCE") dated September 15, 2014 that assessed Plaintiff's performance capability at a "less than sedentary" exertional level. Id. at 19 (citing Ex. 2F). Plaintiff contends that, if Plaintiff were limited to work at the sedentary level, the Grid Rules would compel a finding of disabled as of Plaintiff's 50th birthday in May 2013. Id. (citing Grid Rule 201.14).[7]

After careful consideration, I find that Plaintiff's argument is without merit. As Defendant details, the ALJ carefully considered the FCE at issue and provided numerous reasons for discounting the evaluation. First, the ALJ noted that the FCE was performed by occupational therapist Michael Balandiat. The ALJ correctly explained that, although Balandiat was a medical source, as an occupational therapist, he did not qualify as an "*acceptable* medical source" within the meaning of the then-applicable regulations. See ECF No. 6-2 at 23 (citing Ex. 2F, 20 C.F.R. § 404.1502, and S.S.R. 06-03p). Accordingly, Balandiat was not entitled to consideration as a "treating source," and his opinions were not entitled to "controlling weight." See Hartranft v.

---

impairment does not change this result. As Defendant correctly notes, a diagnosis of an impairment alone does not establish disability under the Act. See ECF No. 11 at 14 n.4 (citing Phillips v. Barnhart, 91 F. App'x 775, 780 (3d Cir. 2004)). Similarly, the mere existence of a severe impairment does not require a disability finding. See, e.g., Carter v. Colvin, 27 F. Supp. 3d 1142, 1147 (D. Colo. 2014), aff'd, 597 F. App'x 501 (10th Cir. 2015). Rather, in all cases, the claimant must show that the impairment resulted in disabling limitations. See id.

[7] Grid Rule 201.14 applies to claimants limited to sedentary work and directs a finding of "disabled" for an individual of advanced age (50+) who is a high school graduate or more, whose education does not provide for direct entry into skilled work, and whose previous work was skilled or semiskilled with skills not transferable. 20 C.F.R. Part 404, App'x 2, Grid Rule 201.14. It is not disputed that Rule 201.14 would apply as of Plaintiff's 50th birthday if she had been limited to sedentary work.

Apfel, 181 F.3d 358, 361 (3d Cir. 1999); 20 C.F.R. §§ 404.1502, .1513; S.S.R. 06-03p.  Second, the ALJ noted that Balandiat had no treatment history with Plaintiff outside of the FCE and that much of his report was based largely on Plaintiff's subjective report of symptoms.  [ECF No. 6-2 at 23].  Third, the ALJ stated that Balandiat's assessments were inconsistent with the examination findings of treating neurologist, Dr. Zaydan, and specifically with Plaintiff's visits to Dr. Zaydan in and after June 2014, all of which indicated significant improvement in symptoms when taking Ampyra.  Id. (comparing Ex. 2F with Exs. 1F, 4F, and 5F).  All of these were appropriate factors for the ALJ to consider in evaluating opinions from medical sources who are not acceptable medical sources.  See S.S.R. 06-03p (listing factors, including, inter alia, how long the source has known and how frequently the source has seen the individual; how consistent the opinion is with other evidence; and the degree to which the source presents relevant evidence to support an opinion).[8]

Plaintiff acknowledges that Balandiat was not an acceptable medical source but argues that the ALJ's analysis of Balandiat's opinion was nevertheless deficient because his assertion that the opinion was based largely on Plaintiff's subjective report of symptoms was incorrect. [ECF No. 9 at 19-20].  Specifically, Plaintiff points to the fact that Plaintiff underwent approximately 2+ hours of testing by Balandiat and that Balandiat assessed her as providing "100% consistency of effort."  Id. (citing Ex. 2F).  After careful consideration, I disagree.  As Defendant's Brief lists in detail, although the FCE involved some testing, the report is replete with Plaintiff's subjective complaints regarding the testing, as well as subjective reports of her symptoms, history, and activities of daily living.  See ECF No. 11 at 17-18 (citing Ex. 2F and

---

[8] Although the regulations governing the evaluation of medical evidence were recently amended, the new version effective March 27, 2017, does not apply to the present claim. See 20 C.F.R. § 404.1527 (2017); 20 C.F.R. § 404.1520c (2017).

pointing out numerous portions of the report based upon things that Plaintiff "reported," "indicated," or "stated"). Additionally, as set forth above, the ALJ did not base his evaluation of Balandiat's report solely on Plaintiff's subjective complaints. Rather, he considered multiple factors in assigning lesser weight to Balandiat's evaluation, including the fact that Balandiat was not an acceptable medical source, Plaintiff's lack of treatment history with Balandiat, and the report's inconsistency with the examination findings of Plaintiff's treating neurologist.

For all of these reasons, I find that substantial evidence supports the ALJ evaluation of Balandiat's report as well as his finding that Plaintiff was capable of performing a limited range of light work. Because Plaintiff could perform light work, Grid Rule 201.14 does not apply and, thus, does not direct a finding of "disabled" in this case.

In short, this is not a case where the ALJ failed to discuss Plaintiff's limitations or his reasons for his RFC finding, precluding meaningful review. To the contrary, the ALJ thoroughly and thoughtfully addressed these issues, the associated record evidence, and his conclusions regarding the same. As set forth herein, the ALJ's findings are supported by substantial evidence. Plaintiff's disagreement or dissatisfaction with these findings is not cause for remand.

### III. CONCLUSION

For all of the foregoing reasons, Defendant's Motion for Summary Judgment is granted and Plaintiff's Motion for Summary Judgment is denied. An appropriate Order follows.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MARGARET ANN AUPKE,

    Plaintiff,

vs.

NANCY A. BERRYHILL, Acting
Commissioner of Social Security,[1]

    Defendant.

Civil Action No. 2:17-1471

AMBROSE, Senior District Judge

## ORDER OF COURT

AND NOW, this 9th day of January, 2019, after careful consideration of the submissions of the parties and for the reasons set forth in the Opinion accompanying this Order, it is ordered that the decision of the ALJ is affirmed and Plaintiff's Motion for Summary Judgment [ECF No. 8] is DENIED and Defendant's Motion for Summary Judgment [ECF No. 10] is GRANTED.

BY THE COURT:

/s/ Donetta W. Ambrose
Donetta W. Ambrose
U.S. Senior District Judge

---

[1] Nancy A. Berryhill became the Acting Commissioner of Social Security on January 23, 2017, and is automatically substituted as the Defendant in this suit pursuant to Federal Rule of Civil Procedure 25(d).